UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                           Plaintiff,

   -against-                                       5:22-CV-0612 (LEK/ATB)

$73,313.00 in U.S. Currency,

                           Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This is an action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. Dkt. No. 1 ("Complaint") at 1. In this action, the plaintiff, the United States of America ("United States"), seeks the forfeiture of $73,313.00 in U.S. Currency ("Defendant-Property"), id. ¶ 2, which the United States claims is traceable to violations of 21 U.S.C. §§ 841, 846, Compl. at 1. At the time the United States filed the Complaint, Defendant-Property was "in the custody of the United States." Id. ¶ 3.

On June 9, 2022, the United States filed a warrant of arrest *in rem*, commanding the U.S. Marshal of the Northern District of New York "to arrest and seize Defendant-Property[,]" and "to provide notice of this action to all persons thought to have an interest in or claim against the [D]efendant[-P]roperty . . . ." Dkt. No. 2 ("Arrest Warrant") at 1. The U.S. Marshal returned the Arrest Warrant as executed on July 11, 2022. Dkt. No. 3 at 4. On September 6, 2022, one claimant filed a Verified Claim and Statement of Interest in Defendant-Property, Dkt. No. 11, which that claimant subsequently withdrew on September 19, 2022, Dkt. No. 13. No other person has claimed an interest in Defendant-Property after sufficient notice. See generally

Docket; see also Dkt. Nos. 6–10, 17–21 (confirming service upon all persons thought to have an interest in or claim against Defendant-Property). On November 11, 2022, Plaintiff requested an entry of default, Dkt. No. 22, which the Clerk of the Court granted the same day, Dkt. No. 23 ("Certificate of Default").

Now before the Court is the United States' Motion for Default Judgment and Final Order of Forfeiture pursuant to Federal Rule of Civil Procedure 55(b)(2) and General Order #15 of the United States District Court for the Northern District of New York. Dkt. No. 25-1 ("Notice of Motion"). For the reasons that follow, the Court grants the United States' Motion.

## II.   LEGAL STANDARD

### A.  Civil Forfeiture Standard

"*In rem* forfeiture actions are governed by Rule G of the Forfeiture Rules and the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA')." United States v. Vazquez-Alvarez, 760 F.3d 193, 197 (2d Cir. 2014) (emphasis added). "Any 'person who asserts an interest' in the *res* that is the subject of a forfeiture action may 'contest the forfeiture by filing a claim in the court where the action is pending.'" Id. at 193 (emphasis added) (quoting Rule G(5)(a)(i)). "Standing is a prerequisite to challenging [a] forfeiture." Vazquez-Alvarez, 760 F.3d at 197. "Filing the claim under Rule G(5) confers statutory standing under 18 U.S.C. § 983(a)(4)(A) . . . ." United States v. Conolly, 694 Fed. App'x 10, 13 (2d Cir. 2017). A claimant must file a claim within thirty days from the service of the Government's complaint, or thirty days after the final publication of notice. 18 U.S.C. § 983(a)(4)(A). Consequently, a person seeking to challenge a forfeiture lacks the requisite statutory standing if he or she has not filed a claim pursuant to Rule G(5). See United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999).

**B. Default Judgment Standard**

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." After the clerk enters the default, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"In determining whether a default judgment should enter, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). While the Second Circuit has recognized "the push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously," the Second Circuit has also emphasized that a trial court must balance that interest with the trial court's responsibility to "afford[] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993) (citations omitted). Because of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored" and "doubt should be resolved in favor of the defaulting party." Id. "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." Bravado, 655 F. Supp. 2d at 186 (citing Erwein DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

District courts have significant discretion over whether to enter a judgment of default, and "may consider a number of factors in deciding whether or not to grant a default judgment." Bravado, 655 F. Supp. 2d at 186. These factors include:

> [W]hether the grounds for default are clearly established and the amount of money potentially involved—the more money involved,

3

> the less justification for entering the default judgment. Additionally, a court may consider whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant.

Bravado, 655 F. Supp. 2d at 186 (cleaned up). When a plaintiff moves for a default judgment in an action *in rem*, district courts will consider third parties' putative interests in, and claims against, the Defendant-Property. See, e.g., United States v. $46, 812.00 United States Currency, 540 F. Supp. 3d 333, 336–37 (W.D.N.Y. 2021).

### III. DISCUSSION

The Court begins its analysis with an inquiry into whether the United States has stated a valid cause of action against Defendant-Property. In its Complaint, the United States seeks the forfeiture of Defendant-Property because it is "traceable to violations of Title 21, United States Code, Sections 841 and 846." Id. at 1. Section 841 specifically provides that:

> [I]t shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
>
> (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841(a). Section 846 prohibits any person from attempting or conspiring to commit the offense proscribed by Section 841, among other related narcotics offenses. 21 U.S.C. § 846. And Section 881(a)(6) provides for the forfeiture of the following:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [Title 21 of the United States Code], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C. § 881(a)(6).

Here, the United States has alleged that Defendant-Property was seized during the execution of a validly issued search warrant on a residence. According to the Complaint, "bulk quantities of heroin/fentanyl, cocaine and currency were located at [the residence in question]." Compl. ¶ 24. Specifically, Defendant-Property "was found in a black duffel bag stored in the electrical box in [the] bedroom[,]" of an individual the United States alleges is part of a drug trafficking operation in the City of Syracuse. Id. ¶¶ 7, 9–10, 25. Based upon the facts alleged in the Complaint,[1] the Court finds that the United States has plausibly stated a valid cause of action for forfeiture pursuant to 21 U.S.C. § 881(a)(6).

Next, the Court considers the interests of third parties who may have an interest in, or a claim against, Defendant-Property. It appears from the record that all of the persons or entities known or thought to have an interest in or claim against Defendant-Property have been given due notice of these proceedings. See Dkt. Nos. 6–10, 17–21 (confirming service upon all persons thought to have an interest in or claim against Defendant-Property); see also Dkt. No. 25-2 ("Affidavit of Assistant United States Attorney Elizabeth A. Conger") ¶ 5. In accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States also published a Notice of Forfeiture online beginning on June 11, 2022. Dkt. No. 5 (citing www.forfeiture.gov). In addition, "[t]he United States has taken reasonable steps to attempt to provide *actual* notice of this action to all known potential claimants." Id. ¶ 7 (emphasis added). Actual notice is further evidenced by the fact that one putative claimant filed a Verified Claim and Statement of Interest in Defendant-Property, Dkt.

---

[1] For further detail on the events leading to the seizure of Defendant-Property, reference is made to the Complaint. See generally id. ¶¶ 7–26.

No. 11, which that claimant subsequently withdrew after "conclud[ing] that her interests and the interests of other parties involved are furthered and best served by the withdrawal of her claim[,]" Dkt. No. 13.

Since that withdrawal, no other person has claimed an interest in Defendant-Property. See generally Docket. Given that more than thirty days have passed since (1) the putative claimants were served, see Dkt. Nos. 6–10, 17–21, and (2) the Notice of Forfeiture was published online, see Dkt. No. 5, it also follows that the putative claimants lack statutory standing to claim a right to Defendant-Property. See United States v. $179, 710 in U.S. Currency, No. 20-CV-1607, 2021 WL 5961312 (N.D.N.Y. Nov. 2, 2021) (concluding that the United States was entitled to default judgment, partly because "no person . . . asserted a claim [to the defendant-property] within thirty days of service or thirty days after the publication of notice"). Moreover, the failure of the putative claimants to appear after receiving sufficient notice also suggests that their default is willful, see $46, 812.00, 540 F. Supp. 3d at 336–37 (citing cases analyzing "willfulness of . . . default"), and further weighs in favor of issuing a default judgment against Defendant-Property.

It is also worth noting that the amount of money involved here—$73,313.00—is not so high as to count against entering a default judgment here. Cf. $179, 710 in U.S. Currency, 2021 WL 5961312 (granting a motion for default judgment against $179,710 in U.S. currency).

For all these reasons, the Court concludes that the United States is entitled to a default judgment against Defendant-Property and an Order of Forfeiture.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Default Judgment and Final Order of Forfeiture (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED**, that a Judgment of Default be entered against Defendant-Property; and it is further

**ORDERED**, that a Final Order of Forfeiture with regard to Defendant-Property shall be issued; and it is further

**ORDERED**, that any claims to Defendant-Property are hereby forever barred; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 30, 2023
              Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge